SMITH v. CHAPTER GENERAL OF AMERICA, KNIGHTS OF ST. JOHN
AND MALTA.

(Supreme Court, Appellate Division, Second Department.   March 28, 1911.)

1. INSURANCE (§ 723*)—FRATERNAL INSURANCE—MEMBERSHIP—INELIGIBILITY
AND ANSWERS IN APPLICATION.

It being provided by the constitution of a fraternal benefit insurance
order that applications shall not be received from persons who sell in-
toxicating liquors to be drunk on the premises, and being provided in the
application thereto of one, who must have known that his business of
saloonkeeper made him ineligible to membership, that any false state-
ment, concealment, or "evasion of facts" in his application would render
the certificate void, his statement therein that he was a "merchant," in
the absence of waiver or estoppel, is a defense to action on his benefit
certificate.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865;
Dec. Dig. § 723.*]

2. PLEADING (§ 36*)—FRATERNAL INSURANCE—ACTION—ANSWER.

The admission of the answer, by failure to deny an allegation in the
complaint, in an action on the benefit certificate of S., that he was duly
elected a member of defendant benefit insurance order, must be read
with, and deemed qualified by, the facts elsewhere set up in the answer,
showing his ineligibility to membership, and that the certificate was ob-
tained by an evasive statement of facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec.
Dig. § 36.*]

Appeal from Trial Term, Kings County.

Action by Loretta Smith, an infant, by Mary Smith, her guardian
ad litem, against the Chapter General of America, Knights of St. John
and Malta.   From a judgment for plaintiff, defendant appeals.   Re-
versed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
WOODWARD, JJ.

H. F. Lawrence, for appellant.

Rufus O. Catlin, for respondent.

BURR, J.   Defendant is a corporation of a fraternal and benevolent
character.   This action is brought to recover the face value of an "en-
dowment certificate" issued to one Michael Smith.   Defendant's con-
stitution provides, among other things, that:

"Applications shall not be received from barkeepers or other persons who
at any time sell or serve intoxicating liquors to be drunk on the premises."

At the time when Michael Smith applied for membership in such
corporation he was the proprietor and owner of a saloon at 91 Myrtle
avenue, Brooklyn, had obtained a liquor tax certificate, which was is-
sued in his own name, bought merchandise in the way of liquors, ci-
gars, soda waters, mineral waters, and other articles, kept the same on
the premises, and sold the same for profit.   He continued so to do
down to the date of his death.   On occasions he himself served to his
customers intoxicating liquors to be drunk upon the premises.   This
condition of membership was one which defendant had a right to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

make. Graves v. Knights of Maccabees, 199 N. Y. 397, 92 N. E. 792. At the time when Smith made application for membership, he stated that he was a "merchant." His application contained a provision that any false statement, concealment, or *evasion of facts* contained in his application should render the certificate void. The answer to the question respecting his occupation, when read in connection with the provision of the constitution, was clearly an evasion of facts. But, beyond that, the situation was not precisely the same as though he had entered into the business after obtaining his certificate. The business in which he was engaged made him ineligible for membership, and that fact he must have known.

There is no question of waiver or estoppel in this case. Whether a subordinate encampment could waive a constitutional provision, so as to bind the general body, it is not necessary for us to determine; for there is no evidence that the fact of his ineligibility, or that the answer in his application for membership was evasive, was known to 'the members of the encampment, still less to the members or officers of the general body. We do not think defendant is precluded from this defense by the form of its answer. Although the answer, by failing to deny one of the allegations of the complaint, may seem to admit that Michael Smith was duly elected a member of the order, and that in 1905 the certificate was in full force and effect, this admission must be read in connection with, and deemed qualified by, the facts elsewhere set up in the answer, showing his ineligibility to membership, and that the certificate was obtained by an evasive statement of facts.

Without passing upon the other questions raised in the brief of appellant, we think the judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.